**In re BOWMAN.**

[Cite as *In re Bowman* (1995), 101 Ohio App.3d 599.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16850.

Decided March 8, 1995.

*Robert W. Higham,* for appellant.

*Bruce Brubaker,* for appellee.

---

QUILLIN, Judge.

Appellant, Diana Bowman, appeals from the juvenile court's order transferring legal custody of Rebecca Bowman to the child's natural mother, Cindy Seese. We reverse.

On March 4, 1991, the Summit County Court of Common Pleas, Juvenile Division, granted the Summit County Children Services Board emergency temporary custody of Rebecca Bowman. Rebecca was found to be a dependent child and legal custody of Rebecca was transferred from Rebecca's mother, Cindy Seese, to Rebecca's paternal grandmother, Diana Bowman. As a result of

Cindy's dissatisfaction regarding visitation of her daughter, the court adopted a visitation schedule. Repeated disputes emerged regarding Cindy's visitation of Rebecca, most of which had to be settled by court order. Additionally, the court entertained a number of custody hearings, wherein Diana Bowman retained legal custody of Rebecca. As a result of one such hearing, the court ordered both Cindy and Diana to obtain psychological counseling.

On January 20, 1994, Diana wrote a letter to the juvenile court which stated that she was unilaterally imposing restrictions on Cindy's visitation rights. The court treated Diana's letter as a motion and scheduled the case for an April 27, 1994 hearing before a referee to address visitation. The matter was rescheduled for May 10, 1994. The referee issued a report recommending that legal custody of Rebecca be returned to Cindy. In support of her recommendation, the referee cited Cindy's progress in receiving psychological counseling, Diana's failure to receive psychological counseling and Diana's domineering personality as it relates to both Rebecca and Cindy.

Diana filed objections to the referee's report. The juvenile court overruled Diana's objections and adopted and approved the referee's report. Diana appeals, asserting three assignments of error.

### Assignment of Error I

"The juvenile court erred in terminating legal custody of Rebecca Bowman by appellant, Diana Bowman, as this termination resulted from a hearing scheduled specifically for the purpose of establishing a visitation schedule and there was no motion pending before the court concerning a modification of custody. The appellant was denied her due process right to receive adequate notice that the court was considering matters not properly brought before it. Further, Juvenile Rule 19 mandates that an application to the court for an order shall be by motion. In the instant matter, no motion was pending before the court for a change of custody and the issuance of an order thereon was in direct conflict of Juvenile Rule 19 and violated the appellant's right to due process as provided in the United States and Ohio's Constitution."

Initially, Diana appears to cite Juv.R. 19 for the proposition that no action could be taken by the juvenile court with respect to legal custody of Rebecca without a motion first being filed by a party in interest requesting a modification of Rebecca's legal custody arrangement. A review of the Revised Code sections dealing with the modification of dispositional orders proves the contrary. While R.C. 2151.353(E)(2) requires a juvenile court to review a dispositional order if any party files a motion requesting modification or termination of such an order, R.C. 2151.417(A) and Juv.R. 36(A) additionally allow a

juvenile court to review a child's placement or custody arrangement at any time. R.C. 2151.417(B) clarifies this point, stating in part:

"The court may amend a dispositional order in accordance with division (E)(2) of section 2151.353 of the Revised Code at any time upon its own motion or upon the motion of any interested party."

We next turn to Diana's assertion that the juvenile court violated her due process rights by failing to adequately notify her that a modification of legal custody concerning Rebecca would be at issue at the May 10 hearing. While Diana does not dispute that she was served notice of the hearing pursuant to Juv.R. 16, she contends that such notice merely informed her that visitation issues would be addressed at the hearing, as opposed the issue of legal custody. In support of her argument Diana cites *Heffner v. Heffner* (Dec. 14, 1988), Summit App. Nos. 13623, 13624 and 13625, unreported, 1988 WL 134264, wherein this court stated:

"Regardless of the means by which the issue of modification is brought before the court, due process mandates a party receive adequate notice that the court is considering modification as well as an adequate opportunity to gather evidence and refute the other party's claims."

*Heffner* involved the termination of a natural father's visitation privileges after a hearing which was held in response to the father's motion to terminate his child support obligation and the mother's cross-motion to increase the father's child support obligation. The father was in no way informed prior to the hearing that his visitation privileges would be a subject of the hearing. We stated that "[i]f [the father] had known the purpose of the hearing was to terminate his visitation rights he might have sought to produce testimony relevant to that inquiry" and that the father was "entitled to attend such hearing with a clear understanding of its purpose."

At the time of the hearing, Diana possessed legal custody of Rebecca. R.C. 2151.417(E) requires that notice of a dispositional review hearing be given to all "interested parties." While R.C. 2151.417(E) does not list a child's legal custodian at the time a review hearing is ordered as an "interested party" entitled to notice of the review hearing, the list contained therein is not exhaustive. Juv.R. 2(X) states that a child's custodian is to be considered a "party" to a juvenile court proceeding in appropriate cases. Diana became an "interested party" with respect to the disposition of Rebecca when the court awarded her legal custody of Rebecca pursuant to R.C. 2151.353(A)(3).

"In an effort to guarantee that persons with significant responsibility respecting a child are before the court in all cases involving the welfare of such child, Ohio extends party status to the child, his parents, his guardian, his custodian;

and requires the presence of a guardian ad litem in most circumstances." *In re Baatz* (Aug. 11, 1993), Lorain App. Nos. 5478 and 5479, 1993 WL 303259 citing *In re Palmer* (Apr. 12, 1983), Stark App. No. 6026, unreported. See, also, *In re Cox* (Apr. 30, 1981), Lawrence App. No. 1498, unreported, 1981 WL 10292.

Accordingly, as an "interested party," Diana was entitled to notice of the dispositional review hearing. At minimum, such notice should have adequately advised Diana of the nature of the hearing and allowed her sufficient time to prepare testimony and evidence relevant to that inquiry. In the instant case, such rudimentary notice requirements were not met. Accordingly, we sustain Diana's first assignment of error and remand the case for a legal custody hearing wherein the interested parties will be given a full and fair opportunity to litigate the custody issue.

██ Our opinion should not be read, however, to preclude the juvenile court from issuing a temporary order which allows Rebecca to remain in her mother's custody pending a legal custody hearing if the juvenile court finds such a temporary order would be in Rebecca's best interest.

### Assignments of Error II and III

"II. The juvenile court erred in overruling the appellant's objections to the referee's report and order of the court by Judge Robinson based on the alleged untimely filing of objections. A thorough review of the record clearly indicates that the appellant's objections were filed well within the fourteen (14) day period allowed for such objections pursuant to Ohio Civil Rule 53(E) and Juvenile Rule 40(D).

"III. The juvenile court erred in overruling the objections to the referee's report and order of the court by Judge Robinson based on the alleged failure to serve copies of the objection upon the parties to this action. A cursory review of the evidence in the record clearly indicates that copies of the objection were served upon the parties."

Our disposition of Diana's first assignment of error renders her second and third assignments of error moot. Accordingly, we decline comment on those assignments of error. App.R. 12(A)(1)(c).

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and DICKINSON, J., concur.