In re PEREZ et al.

[Cite as *In re Perez* (1999), 135 Ohio App.3d 494.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 99CA007296.

Decided Nov. 3, 1999.

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Faye Sutton List*, Assistant Prosecuting Attorney, for appellant.

*Robert Cabrera*, for appellee.

WHITMORE, Judge.

Appellant Lorain County Children Services has appealed from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that denied its request for permanent custody and awarded legal custody to Richard and Vicki Perez. This court reverses in part.

## I

Eric Perez, appellee, and Pamela Tucker are the natural parents of four children: Dylan Perez, Eric Perez, Jr., Andrea Tucker, and Logan Tucker. On April 10, 1997, the children were removed from Tucker's custody due to the fact that she was homeless and was suffering from problems with alcohol abuse. Because of his medical condition, Perez was unable to take custody of the children. On April 30, 1997, a dispositional hearing was held, and the court placed the children in the temporary custody of Lorain County Children Services ("LCCS").

After a period of counseling and intervention, Perez substantially complied with his case plan objectives. However, due to his medical condition, he was unable to provide for the care of his children. Tucker was able to complete some, but not all, of her case plan objectives. Specifically, she did not visit her children for

extended periods of time, she failed to provide a permanent home for her children, and she did not provide support for her children.

In January 1998, LCCS asked Perez to provide it with the names of relatives that might be willing to accept the responsibility of caring for the children. He submitted the names of his brother and sister-in-law, Richard and Vicki Perez, both of whom are residents of Indiana. When LCCS contacted Richard and Vicki, they indicated an interest in obtaining legal custody of the four minor children. They agreed to submit to a home study and were interviewed by the local children's services board in Indiana.

The home study was completed in April 1998. Richard and Vicki were notified that due to the results of their home study, they were not a suitable placement option for the children. On May 25, 1998, LCCS moved for permanent custody of the children. The trial court held a hearing on the motion, and on January 15, 1999, the trial court issued its decision. The court found that the children could not be placed with either parent; however, the court denied LCCS's motion for permanent custody and awarded legal custody of the children to Richard and Vicki Perez.

LCCS did not appeal from the denial of its motion for permanent custody.[1] Instead, LCCS timely appealed from the trial court's grant of legal custody to Richard and Vicki Perez. It has asserted three assignments of error.

## II

### A

#### Assignment of Error I

"The trial court erred in granting legal custody to Richard and Vicki Perez when no motion for legal custody had been filed by them prior to the hearing as required by Ohio Revised Code Section 2151.353(A)(3)."

LCCS has argued that the trial court erred when it granted legal custody of the children to Richard and Vicki Perez in the absence of a prior motion for legal custody. LCCS has asserted that it would be unreasonable to expect a child placement agency seeking permanent custody to prepare its case against all potential relatives who might appear on the date of the hearing and request legal custody. It has concluded that notice is mandated by R.C. 2151.353 for that reason. This court agrees.

---

1. Accordingly, this court will not review the propriety of the trial court's denial of LCCS's motion for permanent custody.

R.C. 2151.353(A) sets forth the alternatives available to the trial court when determining the appropriate disposition of an abused, neglected or dependent child:

"[T]he court may make any of the following orders of disposition:

"(1) Place the child in protective supervision;

"(2) Commit the child to the temporary custody of a public childrens services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified family foster home or in any other home approved by the court;

"(3) Award legal custody of the child to either parent or to any other person *who, prior to the dispositional hearing, files a motion requesting legal custody of the child* [.]" (Emphasis added.)

The rationale underlying R.C. 2151.353(A)(3) is to afford all parties the opportunity to receive adequate notice of all potential custodians in order to prepare for trial. *In re Moorehead* (1991), 75 Ohio App.3d 711, 717, 600 N.E.2d 778, 781–782; see, generally, *In re Bowman* (1995), 101 Ohio App.3d 599, 656 N.E.2d 355. Accordingly, this court recently held that a trial court is not authorized to consider a disposition of legal custody to a person who has not filed a motion for permanent custody prior to the dispositional hearing. *In re Lewis* (Sept. 22, 1999), Lorain App. No. 98CA007237, unreported, at 4, 1999 WL 743875.[2] Because Richard and Vicki Perez did not file a motion for legal custody prior to the dispositional hearing, the trial court erred when it granted legal custody to them.[3] LCCS's first assignment of error is sustained.

## B

### Assignment of Error II

"The decision of the trial court to place the minor children in the legal custody of Richard and Vicki Perez is contrary to the Interstate Compact on the Placement of Children."

---

**2.** The Fourth District Court of Appeals has reached the same conclusion on this issue. *In re Farace* (Dec. 31, 1997), Scioto App. No. 96CA2469, unreported, 1997 WL 802819, *4, 1997 Ohio App. LEXIS 5991, at *8–11 (Concluding that the trial court erred by granting legal custody to the children's father who did not file a motion pursuant to R.C. 2151.353[A][3]).

**3.** This court does not express an opinion on whether the placement would have been appropriate if Richard and Vicki Perez had filed a motion for legal custody prior to the dispositional hearing.

### Assignment of Error III

"The decision of the trial court to place the minor children in the legal custody of Richard and Vicki Perez is contrary to the manifest weight of the evidence."

Based on this court's determination that that the trial court erred when it granted legal custody of the children to Richard and Vicki Perez in the absence of a motion for legal custody, LCCS's second and third assignments of error are moot. Accordingly, pursuant to Rule 12(A)(1)(c) of the Ohio Rules of Appellate Procedure, this court declines to address those assignments of error.

### III

LCCS's first assignment of error is sustained. The portion of the trial court's judgment that granted legal custody to Richard and Vicki Perez is reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed in part,*
*and cause remanded.*

SLABY, P.J., and CARR, J., concur.