OPINION
Appellant, Brown County Department of Human Services ("BCDHS"), appeals a Brown County Court of Common Pleas judgment entry continuing temporary custody of Felicia Dowers with BCDHS and setting the case for review for the purposes of granting legal custody to Sharon Westerkamp.
Gloria Dowers is the mother of Felicia Dowers and a sister of Alice Dowers and Sharon Westerkamp. Gloria left Felicia in the care of Alice. Felicia was removed from Alice's home and BCDHS filed a complaint alleging that Felicia was an abused, neglected, and dependent child. At the conclusion of a probable cause hearing, Felicia was placed in the custody of BCDHS on August 26, 1999. Felicia was adjudicated abused, neglected, and dependent on September 21, 1999. BCDHS filed a motion for permanent custody on October 15, 1999.
The permanent custody hearing was held on January 6, 2000 and March 7, 2000. During the permanent custody hearing, Westerkamp testified that Felicia was her niece and that she wanted to receive legal custody of Felicia. At the end of the hearing, the trial judge commented
 I don't think that this is a case that the Court should end in permanent custody at this time. I think that legal custody can have potential. I think that based upon that the Court is not going to make a final ruling today [sic] have a home visit conducted and * * * after the conclusion of the home visit decide whether or not we should attempt to have visitation and have placement with the aunt who is requesting it.
On March 24, 2000, the trial court filed a judgment entry that stated in pertinent part:
 The Court finds that the abuse [of Felicia] was based upon the mother being a crack addict and having abandoned a sibling which was later adopted, the neglect was based upon the mother leaving the child with her sister [Alice] in Mt. Orab, and the dependence based upon the whereabouts of the mother being unknown. * * * The mother is presently serving a sentence at Marysville, Ohio.
 The Court finds that Sharon Westerkamp had been notified by a letter from the caseworker dated 9-17-99, and although she had not responded, she appeared at the January 6, 2000 hearing but was not represented or allowed in the Court room because of the separation of witnesses. Her request to be a relative placement, especially in light of the changed circumstances since 9-17-99, should not be ignored.
 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that temporary custody to Brown County Department of Human Services shall continue but that Sharon Westerkamp shall exercise visitation with the minor child, Felicia Dowers[.]
* * *
 IT IS FURTHER ORDERED that this matter be set for review within 90 days for the purposes of granting legal custody to Sharon Westerkamp.
It is from this entry that BCDHS appeals.
Assignment of Error:
 The Trial Court erred when it did not follow the guidelines for permanent custody of abused, neglected and dependent children as set out in the Amended Substituted House Bill 484: Safety, Permanency and Well Being for Ohio Children.
 BCDHS asserts that the trial court erred by failing to determine that BCDHS was not required to make reasonable efforts to reunite Felicia with her mother and by failing to terminate parental rights where there was sufficient evidence to support such termination. BCDHS argues that the trial court erred by granting legal custody to Westerkamp. In addition, BCDHS insists that it was improper for the trial court to allow Westerkamp, a nonparty, to participate in the permanent custody proceedings without filing a motion to intervene.
An award of temporary custody to a children services agency is a final appealable order. In re Patterson (1984), 16 Ohio App.3d 214, 215. Therefore, this court has jurisdiction to decide this appeal. However, the trial court did not determine whether or not permanent custody should be granted. Nor did the trial court decide whether Westerkamp should receive legal custody of Felicia. The trial court merely continued temporary custody with BCDHS and ordered visitation between Westerkamp and Felicia. The trial court continued the proceedings for the purpose of resolving the question of Felicia's custody at a later date. We cannot review trial court decisions that have yet to be made. BCDHS's arguments that the trial court erred by failing to grant permanent custody to BCDHS and by granting legal custody to Westerkamp are not ripe for our review. See State ex rel. the Jewish Children's Bureau v.Juvenile Court of Cuyahoga County (1961), 171 Ohio St. 496, 497.
However, we will address BCDHS's argument that it was inappropriate for the trial court to allow Westerkamp to participate in the permanent custody proceedings despite her failure to file a motion to intervene. Westerkamp was called by Gloria to testify as a witness in the permanent custody proceedings. Westerkamp was permitted to testify and participate as a witness the same as any other person called as a witness.
Westerkamp testified that she had received a letter about the case from BCDHS in September, at a time that she was continuously caring for her mother who had a terminal illness. At that time, Westerkamp felt she could not undertake legal custody of Felicia. Westerkamp further testified that she no longer is the sole caretaker of her mother, as her sister and Hospice substantially assist in her mother's care. Westerkamp testified that she had decided that she wanted to assume legal custody of Felicia and sought the advice of legal counsel. Westerkamp was advised that she should attend the permanent custody hearing and tell the court that she desired legal custody.
At the conclusion of the hearing, the trial court considered Westerkamp's testimony that she would like to have legal custody of Felicia. Juv.R. 36(A) and R.C. 2151.417 allow a court to review a child's placement or custody arrangement at any time. In re Bowman
(1995), 101 Ohio App.3d 599, 602. Juv.R. 36(A) states in relevant part: "A court that issues a dispositional order in an abuse, neglect, or dependency case may review the child's placement or custody arrangement, the case plan, and the actions of the public or private agency implementing that plan at any time." R.C. 2151.417(B) states in part: "The court may amend a dispositional order in accordance with division (E)(2) of section 2151.353 of the Revised Code at any time upon its ownmotion or upon the motion of any interested party." (Emphasis added.) Therefore, we find that under these factual circumstances, the trial court was authorized to continue temporary custody of Felicia with BCDHS and to grant visitation to Westerkamp.[1] The assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] BCDHS contends that immediately upon the conclusion of the permanent custody hearing, the trial court was required to determine whether permanent custody is appropriate. R.C. 2151.414 provides that "[t]he court shall issue an order that grants, denies, or otherwise disposes of the motion for permanent custody, and journalize the order, not later than two hundred days after the agency files the motion." R.C. 2151.414(A)(2). This two hundred-day deadline had not expired at the time that the March 24, 2000 entry was filed.