OPINION
{¶ 1} Appellant Paula Hoffman (maternal grandmother) appeals the November 12, 2002 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which denied her motions to intervene, for visitation and for placement and custody of minor child Brandon Hoffman.
 {¶ 2} Appellants Raymond and Carol Ritchey appeal the November 12, 2002, decision entered by the Stark County Court of Common Pleas, Family Court Division, which denied their motions to intervene, for visitation and for placement and custody of minor child Brandon Hoffman.
 {¶ 3} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule
 STATEMENT OF THE FACTS AND CASE {¶ 6} On April 18, 2000, SCDJFS filed a complaint for temporary custody of mother's two minor children, Brandon Hoffman (DOB 7/30/99) and Melanie Dedmon (DOB 8/14/91). The complaint alleged Brandon was an abused child due to a skull fracture and an epidural hematoma, and Melanie was a dependent child due to the abuse of Brandon and the instability of her biological father, who was at the time incarcerated. After an emergency shelter care hearing, the trial court ordered the children be placed in the temporary custody of SCDJFS. The trial court also ordered mother to undergo a psychological evaluation. The trial court issued a no contact order. The trial court conducted an adjudicatory hearing on June 29, 2000. Mother stipulated to a finding of abuse regarding Brandon, and a finding of dependency relative to Melanie. Brandon remained in the temporary custody of SCDJFS. The trial court granted legal custody of Melanie to her paternal grandparents. Thereafter, SCDJFS's involvement with Melanie terminated.
 {¶ 7} SCDJFS filed a motion for permanent custody of Brandon on February 23, 2001. Carol and Raymond Ritchey, relatives of mother, filed a motion for custody. The trial court conducted a hearing on the motions on May 29, 2001. During the best interest phase of the hearing, the guardian ad litem participated in the cross-examination of witnesses, however, the parties were not provided with an opportunity to cross-examine the guardian relative to her report. The trial court admitted the guardian's report into evidence, without objection.
 {¶ 8} Via Judgment Entry filed June 22, 2001, the trial court terminated mother's parental rights, privileges and obligations, and granted permanent custody of Brandon to SCDJFS. The trial court denied the Ritchey's motion for custody.
 {¶ 9} The mother appealed and this Court reversed the trial court's ruling that the Guardian ad Litem was not subject to cross-examination at the permanent custody hearing and further held that the Guardian as Litem was subject to cross-examination by the mother.
 {¶ 10} SCDJFS appealed to the Ohio Supreme Court which affirmed the ruling of this Court and remanded the case to the trial court for further evidentiary proceedings.
 {¶ 11} On February 12, 2002, Appellants Raymond and Carol Ritchey again filed a Motion to Intervene, a Motion for Custody and a Motion for Visitation.
 {¶ 12} On March 20, 2002, during the pendency of the appeal, Appellant Paula Hoffman filed a Motion to Intervene in the trial court, a Motion for Visitation with Brandon and a Motion for Placement and Custody of Brandon.
 {¶ 13} On November 12, 2002, the trial court denied Appellants' motions without a hearing.
 {¶ 14} It is from this ruling which Appellants now appeal, raising the following assignments of error:
 ASSIGNMENTS OF ERROR Appellant Paula Hoffman I. {¶ 15} "The Trial Court Erred When It Denied Maternal Grandmother's Motion To Intervene, Motion For Custody, And Motion For Visitation, All Without A Hearing."
 Appellants Raymond and Carol Ritchey I. {¶ 16} "The Trail Court Erred In Denying Appellants' Motion To Intervene, For Custody And For Visitation."
 II. {¶ 17} "The Trial Court Abused Its Discretion In Denying Appellants' Motion To Intervene, For Custody And For Visitation."
 Appellant Paula Hoffman I. {¶ 18} Appellant Paula Hoffman assigns error to the trial court's denial of her motions for intervention, custody and visitation.
 {¶ 19} Appellant Hoffman did not move the court to intervene until March 20, 2002.
 {¶ 20} When reviewing an order which denies a motion to intervene, the issue is whether the trial court abused its discretion.Peterman v. Village of Pataskala (1997), 122 Ohio App.3d 758. In order to find an abuse of discretion, we must determine whether the trial court' decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 21} Intervention by grandparents in a permanent custody proceeding is appropriate where the grandparents have a legal right to or a legally protectable interest in custody or visitation with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild. Where any of these circumstances are present, it is my view that a denial of the grandparents' motion to intervene would constitute an abuse of the juvenile court's discretion. In re Schmidt (1986),25 Ohio St.3d 331, 338.
 {¶ 22} We find that the juvenile court did not err in its application of R.C. § 3109.28 when it rejected the Appellant's motion to intervene. There were no allegations or evidence set forth in the motion to intervene that would reasonably indicate that the Appellant had a "right" to custody of, or visitation with, her grandson. While persons "claiming a right" to custody or visitation must be joined as parties to custody proceedings, any such claim must be colorable. The record in this case reveals only that the Appellant may have had a "desire" for custody or visitation. She never sought temporary or permanent custody of Brandon prior to the termination by the trial court of parental rights.
 {¶ 23} In summation, the Appellant never obtained prior to her motion for intervention, through statute, court order, or other means, any legal right to custody or visitation with her grandson. Likewise, she had no legal interest in the care and custody of her grandson, which would have allowed her to intervene as of right pursuant to Civ.R. 24(A). Although she may contend that she claimed "an interest relating to the * * * transaction which [was] * * * the subject of the action and [were] * * * so situated that the disposition of the action [would] * * * impair or impede [their] * * * ability to protect that interest," Civ.R. 24(A)(2), her "claimed interest" was not legally protectable. Just as her desire for custody or visitation cannot be construed as a legal right to custody or visitation, Appellant's concern for her grandson's welfare cannot be construed as a legal interest that falls within the scope of Civ.R. 24(A).
 {¶ 24} As maternal grandmother, Appellant's role in Brandon's life did not rise to the level of in loco parentis. Appellant made no attempts to become involved in this matter until the trial court granted permanent custody of Brandon to SCJFS. Her involvement in the child's life is insufficient for holding that the trial court abused its discretion in this regard.
 {¶ 25} Appellant further argues that R.C. § 2151.412(G)(2) states that a child "should be placed in the legal custody of a suitable member of the child's extended family" and that R.C. §2151.414(B)(1)(c) "provides a preference for placement with family members."
 {¶ 26} As Appellant chose not to be considered for permanent custody of Brandon when approached for same by SCDJFS, any alleged deficiency in said consideration is attributable not to the court or SCJFS, but to the lack of procedural formality and statutory compliance by Appellant. See In re Perez (1999), 135 Ohio App.3d 494, 496.
 {¶ 27} Appellant Hoffman's sole assignment of error is denied.
 Appellants Raymond and Carol Ritchey I., II. {¶ 28} Because Appellants' first and second assignments of error are interrelated, we shall address said assignments together.
 {¶ 29} Appellants Ritchey argue that the trial court abused its discretion in denying their motions for intervention, custody and visitation.
 {¶ 30} Appellants first filed their motion for intervention on February 8, 2001. This motion was denied by the trial court on May 29, 2001. The trial court entered its decision terminating parental rights and visitation with Appellants on June 22, 2001. Appellants did not appeal the ruling.
 {¶ 31} The motions filed on February 8, 2002, are in substance moving the trial court for the same thing, e.g. party status, as the February 8, 2001 motions. Appellants' refiling of said motions is an attempt to relitigate an issue which they failed to previously appeal.
 {¶ 32} The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.Norwood v. McDonald (1943), 142 Ohio St. 299, 305, and Quality ReadyMix, Inc. v. Mamone (1988), 35 Ohio St.3d 224, 227, both citing 30 American Jurisprudence, 908, Section 161.
 {¶ 33} The doctrine bars the relitigation of issues that were raised on appeal or could have been raised on appeal. State v. Cole
(1982), 2 Ohio St.3d 112.
 {¶ 34} We therefore find Appellants' assignments of errors not well-taken. Appellants Assignments of Error I and II are denied.
 {¶ 35} The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
Boggins, J., Wise, P.J. concur, Edwards, J. concurs separately