OPINION
{¶ 1} Appellant, Lisa Ratliff, appeals the judgment of the Geauga County Juvenile Court, granting legal custody of her son, Christopher Ratliff, a minor, to his father, Larry Ratliff. We affirm the judgment of the lower court. *Page 2 
 {¶ 2} On July 26, 2005, a complaint was filed against Christopher (D.O.B. 4/22/1992), alleging he was a delinquent child, by reason of Disorderly Conduct, in violation of R.C. 2917.11(A)(1), a minor misdemeanor. According to the complaint, on or about July 11, 2005, Christopher had "engaged in combative behavior with his sister, Amanda [d.o.b. 11/21/89], by throwing a bottle of motor oil at her."[1] The alleged offense occurred while Christopher was on probation to the Geauga County Juvenile Court.
 {¶ 3} On August 8, 2005, Christopher entered a plea of true to the aforementioned charge and was adjudicated a delinquent child. The juvenile court issued a Dispositional Order requiring Christopher to serve one to ninety days, with a review for early release to occur after four days, and to continue his probation thereafter. Based on his improved behavior, Christopher was released after four days of detention on August 16, 2005.
 {¶ 4} The court made additional orders joining Amanda as a party to the proceeding and issued an order for the Geauga County Department of Job and Family Services ("GCJFS") to initiate a case plan and exercise protective supervision over the children. Christopher was placed in the temporary custody of his father, while Amanda was placed in the temporary custody of her mother, and standard orders of visitation were incorporated into the Dispositional Order. Each member of the family was ordered to complete counseling needs assessments and each were to follow through with any recommendations made by their respective counselors, including family counseling, if recommended. In addition, the court subsequently appointed a guardian ad litem for the children. At the time of this dispositional hearing, Larry and Lisa, although married, *Page 3 
were living separately. Larry and Lisa both subsequently filed complaints for divorce in the Lake County Court of Common Pleas, which remained pending at the time this appeal was initiated.
 {¶ 5} Due to their turbulent relationship with one another, the court ordered Christopher and Amanda to be "kept separated from each other except when participating in joint counseling."
 {¶ 6} Subsequent to the first dispositional hearing, the court held three review hearings on November 7, 2005, January 4, 2006, and July 24, 2006.
 {¶ 7} Larry Ratilff did not attend the November 7, 2005 review hearing and there is no transcript of this hearing. In the court's judgment entry dated November 8, 2005, the court ordered that the case plan be amended to require that both parents participate in mediation to help them "to address the conflict which prevents them from being able to interact appropriately for the benefit of their children," with notice given that if efforts at mediation proved unsuccessful, the court would consider ordering the parents into individual and joint counseling at the time of the next hearing, scheduled for January 4, 2006. The judgment entry further indicated that "[n]otice was given that the court shall consider dispositional alternatives provided for in the Ohio Revised Code Section 2151.415(A) * * * at the time of the review hearing."
 {¶ 8} On January 4, 2006, the second review hearing was held. Both parents attended this hearing, as well as representatives from GCJFS, Christopher's probation officer, and the guardian ad litem. In its January 5, 2006 judgment entry, the court found that "Amanda and Christopher * * * have benefited from being separated from each other. The brief periods of time that the children have had supervised contact have *Page 4 
gone well. The children's parents continue to have a hostile relationship towards each other and are unable to communicate effectively with each other to resolve simple issues pertaining to the children. They have not participated in mediation as required by this Court's prior Court order, but are scheduled to participate in mediation. Lisa Ratliff is participating in counseling and benefits from the counseling she receives. Christopher Ratliff has participated on a regular basis in the Bridges Program and has benefited from the program. Amanda Ratliff is participating in individual counseling. Her counselor does not feel she is ready yet to participate in joint counseling with her brother. Christopher Ratliff has not communicated with his probation officer on a regular basis. His father has not been diligent in enforcing this rule of his child's probation. Christopher has had to serve two weekend commitments in the Portage Geauga Detention Center."
 {¶ 9} The January 5, 2006 judgment entry amended the court's prior judgments to order Lisa and Larry Ratliff to participate in individual counseling at least twice monthly, in order to address issues within their relationship, and to participate in joint counseling when recommended by their individual counselors. The judgment entry further reflected Larry Ratliff s voluntary agreement to submit to drug testing at the request of GCJFS. Finally, the court ordered that the matter be scheduled for a further review hearing, at which time "[t]he Court, on its own motion, shall consider the dispositional alternatives provided for in the Ohio Revised Code Section 2151.415(A)(1), (2), (3), (4), (5) and (6)."
 {¶ 10} The third review hearing, which was originally scheduled for July 3, 2006, was continued until July 24, 2006, pursuant to a motion for continuance filed by GCJFS. *Page 5 
 {¶ 11} Following the July 26, 2006 hearing, the court, on its own motion, awarded legal custody of Christopher to Larry Ratliff, and legal custody of Amanda to Lisa Ratliff. It is from this order that Lisa Ratliff timely appealed, assigning the following as error:
 {¶ 12} "[1.] The trial court abused its discretion and erred as a matter of law by ordering the separation of the siblings and designating Larry Ratliff, the residential parent of Christopher.
 {¶ l1} "[2.] The trial court erred as a matter of law when and [sic] deprived appellant of her due process rights under theFourteenth Amendment of the United States Constitution and Section 16 Article I of the Ohio Constitution when the juvenile court granted legal custody of her son and terminated reunification efforts with her son Christopher at a review hearing."
 {¶ 14} Since both of Lisa's assignments of error are concerned with the trial court's judgment granting legal custody of Christopher to his father, Larry, they will be discussed together, and for discussion purposes will be addressed in reverse order.
 {¶ 15} "Legal custody vests in the custodian the physical care and control of the child while residual parental rights and responsibilities remain intact." In re Memic, 11th Dist. Nos. 2006-L-049, 23006-L-050 and 2006-L-051, 2006-Ohio-6346, at ¶ 24, quoting In re Fulton, 12th Dist. No. CA2002-09-236, 2003-Ohio-5984, at ¶ 7; R.C. 2151.011(B)(19). "Thus, legal custody is not as drastic a remedy as permanent custody because a parent retains residual rights and has the opportunity to request the return of the children." Id. (citations omitted).
 {¶ 16} On appeal, appellate courts only review legal custody determinations for abuse of discretion. Id. at ¶ 25; In re Nice,141 Ohio App.3d 445, 455; In re A.W. — G., *Page 6 
12th Dist. No. CA2003-04-099, 2004-Ohio-2298, at ¶ 6; In re Gales, 10th Dist. Nos. 03AP-445, 03AP-446, 2003-Ohio-6309, at ¶ 12. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} In her second assignment of error, Lisa argues that she was deprived of her due process right to notice when the lower court granted legal custody of Christopher to his father, Larry. Lisa does not dispute that the trial court gave the notice in its judgment entries of November 8, 2005 and January 6, 2006 that it would, on its own motion, "consider the dispositional alternatives provided for in the Ohio Revised Code Section 2151.415(A)(1), (2), (3), (5) and (6) at the time of the review hearing." However, relying on this court's decision in In reBarcelo (Jun. 26, 1998), 11th Dist. No. 97-G-2071, 1998 Ohio App. LEXIS 2943, Lisa argues that the lower court's application of R.C. 2151.415 to the instant case was improper since that statute exclusively covers only children that have been adjudicated abused, neglected, or dependent, and thus, she was deprived of adequate notice that the court would be considering the issue of legal custody of Christopher at the July 26, 2006 hearing. We disagree.
 {¶ 18} "A fundamental requirement of due process is `the opportunity to be heard' * * * at a meaningful time and in a meaningful manner."Armstrong v. Manzo (1965), 380 U.S. 545, 552. "Due process of law implies, in its most comprehensive sense, the right of the person affected thereby to be present before the tribunal * * * to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved." Williams v. Dollison (1980), 62 Ohio St.2d 297, 299. *Page 7 
 {¶ 19} R.C. 2152.19(A) governs dispositional orders for children that have been adjudicated delinquent and states as follows:
 {¶ 20} "If a child has been adjudicated a delinquent child, the court may make any of the following orders of disposition * * *:
 {¶ 21} "(1 ) Any order that is authorized by section 2151.353 of the Revised Code for the care and protection of an abused, neglected, or dependent child."
 {¶ 22} Under R.C. 2151.353, "the court may make any of the following orders of disposition," including "commit[ing] the child to the temporary custody of * * * either parent" or "awarding] legal custody of the child to either parent." R.C. 2151.353(A)(2) and (3).
 {¶ 23} R.C. 2151.415 (A) states, "[e]xcept for cases in which a motion for permanent custody * * * is required to be made, a public children services agency or private child placement agency that has been given temporary custody of a child * * * shall file a motion with the court that issued the order of disposition requesting that any of the following orders of disposition of the child be issued by the court:
 {¶ 24} "* * *
 {¶ 25} "(3) An order that the child be placed in the legal custody of a relative or other interested individual."
 {¶ 26} R.C. 2151.415(A) applies in cases where a "public children services agency" or a "private child placment agency * * * has been given temporary custody of the child." We nevertheless conclude, on the basis of the notice given in the January 6, 2006 judgment entry, that Lisa's due process rights were not violated. Although R.C. *Page 8 2151.415 does not apply to the case sub judice, Lisa was nevertheless provided adequate notice.
 {¶ 27} As an initial matter, we note that R.C. 2151.353 provides the dispositional option of granting an order placing legal custody in a parent, while R.C. 2151.415, provides the court the dispositional option of granting legal custody to a "relative or other interested individual."
 {¶ 28} Furthermore, a juvenile court, pursuant to R.C. 2151.417(B) "may amend a dispositional order * * * at any time upon its own motion."In re Bowman (1995), 101 Ohio App.3d 599, 602.
 {¶ 29} As applied to the case sub judice, the court twice made the parties aware that the court would consider the various dispositional alternatives at subsequent hearings, and indicated that it would do so on its own motion. Both parents, along with representatives of GCJFC, Christopher's probation officer, and the children's gurardian ad litem were present for the July 26, 2006 dispositional hearing. This court has held that "a party's election to appear and participate in a proceeding waives any objection of that party to any inadequacies of notice."Barcelo, 1998 Ohio App. LEXIS 2943, at *24 n. 8.
 {¶ 30} Under these circumstances, we cannot conclude that the trial court erred by failing to give adequate notice. Lisa's second assignment of error is without merit.
 {¶ 31} In her first assignment of error, Lisa argues that the trial court abused its discretion in awarding legal custody of Christopher to Larry Ratliff, and that the court's finding that it was in Christopher's best interest to be in the legal custody of his father *Page 9 
was "contrary to the manifest weight of the evidence where the record contains no evidence to support it." We disagree.
 {¶ 32} In matters involving child custody, the welfare of the children remains "the primary, if not only, consideration." In re Pryor (1993),86 Ohio App.3d 327, 332. "When a court makes a custody determination under 2151.353, it must do so in accordance with the best interest of the child standard as set forth in R.C. 3109.04." Memic, 2006-Ohio-6346, at ¶ 26 (citation omitted). "Under this standard, there is no definitive test or set of criteria for the court to apply, rather, a court `should consider the totality of the circumstances, including, to the extent they are applicable, the best interest factors set forth in R.C. 3109.04(F).'" Id. (citations omitted).
 {¶ 33} Among the applicable statutory factors the court considered in determining the children's best interest was "[t]he child's interaction and interrelationship with the child's parents, siblings, and any other person." R.C. 3109.04(F)(1)(c). "R.C. 2151.353 does not require a court to expressly consider or balance [the] factors in order for a custody award to be considered valid." Memic, 2006-Ohio-6346, at ¶ 31, citingPryor, 86 Ohio App.3d at 336.
 {¶ 34} In its judgment entry, the trial court concluded that it was in the children's best interest that legal custody of Christopher be granted to Larry and legal custody of Amanda be granted to Lisa, based upon the children's relationship with one another and with their respective custodial parents. The court stated, in reaching this conclusion, that "little progress has been made to address the conflict between the children and that it is their best interest that they remain in separate homes. Despite the continued dysfunction in the family, the situation is much improved from when the children were *Page 10 
living together in the same home and there were frequent episodes of physical conflict between them."
 {¶ 35} A review of the record supports the court's conclusion. The original delinquency complaint reveals that Christopher was charged with delinquency by reason of disorderly conduct, which resulted from his throwing a bottle of motor oil at Amanda. The record reveals that Christopher's relationship with his mother is poor, and that he has a good relationship with his father. The record further reveals that Amanda and Christopher still harbor considerable anger toward one another, but that the interaction and communication between them has improved considerably since they have been living in separate homes. The children have not yet entered joint counseling, and their respective therapists have testified that both are not far enough along in therapy to address this issue.
 {¶ 36} Based upon this evidence, we cannot conclude that the trial court abused its discretion in awarding legal custody of Christopher to his father Larry. Lisa's first assignment of error is without merit.
 {¶ 37} For the foregoing reasons, we affirm the judgment of the Geauga County Court of Common Pleas, Juvenile Division.
WILLIAM M. O'NEILL, J., MARY JANE TRAPP, J., concur.
[1] Our review of the record reveals that Amanda was also charged with delinquency by reason of Disorderly Conduct for her role in the fight with Christopher. *Page 1